FILED

2005 Jan-14  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| **JEAN CLAY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO. CV-04-B-1480-W** |
| | * | |
| **FLEETWOOD RETAIL** | * | |
| **CORPORATION OF ALABAMA,** | * | |
| | * | |
| **Defendant.** | * | |

**<u>MEMORANDUM OPINION</u>**

Currently before the court is a Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Motion to Stay filed on July 12, 2004 by defendant, Fleetwood Retail Corporation of Alabama (Doc. 3), and a Supplement filed by defendant on August 27, 2004. (Doc. 6.)  If matters outside the pleadings are presented to and not excluded by the court, a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure shall be considered as a motion for summary judgment. *Charles J. Arndt, Inc. v. City of Birmingham*, 748 F.2d 1486, 1490 (11th Cir. 1984).  In this case, matters outside the pleadings have been presented, so the court will construe defendant's motion as one for summary judgment.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, converted to a Motion for Summary Judgment, is due to be granted.

## I.  FACTUAL SUMMARY

In May of 2002, plaintiff Jean Clay broke her foot when she slipped and fell after getting out of the bathtub of a mobile home sold to her by defendant.  (Pl.'s Reply in Opp'n to Def.'s Mot. to Dismiss, Ex. A ("Clay Aff.") at 1.)  This injury caused her to miss work and later forced her to undergo surgery.  (*Id.*)  Plaintiff eventually contacted her current counsel, the law firm of Chestnut, Sanders, Sanders, Pettaway & Campbell ("Chestnut Sanders") in Selma, Alabama.  (*Id.*)  These consultations concerned the possibility of bringing a claim based on plaintiff's fall.  (*Id.*)  To assist the firm in its evaluation of possible claims, plaintiff submitted documents and medical bills to Chestnut Sanders for review.  (*Id.*)  In 2003, after the original consultation, the law firm requested that plaintiff execute medical record releases and provide it with a copy of her insurance policy.  (*Id.*).  Plaintiff complied with the request for the medical records release.  (*Id.*)

On January 29, 2004, plaintiff filed for Chapter 7 bankruptcy in the United States District Court for the Northern District of Alabama.  (*Id.*, Ex. B.)  Plaintiff used another law firm, Bockman & Bockman in Tuscaloosa, Alabama, for the bankruptcy proceeding.  (Clay Aff. at 1.)  It is undisputed that plaintiff never included or referenced a possible claim against Fleetwood in any document in her bankruptcy proceeding.  On May 4, 2004, plaintiff was granted a no asset complete discharge of all debt.  (Doc. 3, Ex. B.)  Ten days later, on May 14, 2004, plaintiff filed the instant case in the Circuit Court of Greene County, Alabama.  (Doc. 1, Ex. B, Compl.)  Shortly thereafter, defendant removed this action to this court on the basis of this court's diversity jurisdiction.  (Doc. 1 ¶ 6.)

Fleetwood's primary argument in support of its dismissal motion is the defense of judicial estoppel, (Doc. 3 at 3-18), to which plaintiff argues that she did not have sufficient knowledge of this claim prior to filing bankruptcy, (Pl.'s Reply in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Reply") at 4-6).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party asking for summary judgment bears the initial burden of showing that no genuine issues exists.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor.  *See id*. at 255.  Nevertheless, the nonmovant need not be given the benefit of every inference, but

only of every *reasonable* inference.  *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988)

### III.  DISCUSSION

Defendant contends that this action has been properly removed because the court has subject matter jurisdiction based on diversity.  Diversity jurisdiction is present where the parties are diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332. In the present case, it is not disputed that the parties are citizens of different states.  The plaintiff is a citizen of Alabama and the defendant is a Delaware corporation with its principal place of business in California.  (Doc. 1, Ex. A.)  Further, it is not disputed that the amount in controversy exceeds $75,000.

The doctrine of judicial estoppel precludes a party from assuming a position in a legal proceeding inconsistent with a position previously asserted when that inconsistency would allow the party to "play fast and loose with the courts." *Chandler v. Samford Univ.*, 35 F. Supp. 2d 861, 863 (N.D. Ala. 1999) (quoting *Ryan Operations, G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 361-62 (3d Cir. 1996)); *see also McKinnon v. Blue Cross & Blue Shield of Ala.*, 935 F.2d 1187, 1192 (11th Cir. 1991) ("The doctrine [of judicial estoppel] is designed to prevent parties from making a mockery of justice by inconsistent pleadings." (quoting *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1536 (11th Cir. 1983)).  The doctrine of judicial estoppel is intended to protect the judicial system; therefore, those asserting judicial estoppel need not demonstrate individual prejudice.  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002).

As the *Burnes* court noted, "[a] debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court."  Plaintiff concedes, as she must, that a cause of action is part of the property of one's bankruptcy estate and must be listed with the court during bankruptcy proceedings.  (Pl.'s Reply at 4).  Plaintiff did not list any causes of action as part of her bankruptcy estate.  However, she contends that she is not judicially estopped from bringing the instant case because she had no knowledge that a cause of action would "materialize" from her fall.  (*Id.* at 4-5; *id.*, Ex. A at 2.)  However, her premise that a plaintiff must have knowledge that a claim will materialize or mature before that claim must be listed is not supported by case or statutory law.  If the debtor has enough information prior to confirmation or discharge to suggest that the debtor may have a possible cause of action, then that is a "known" cause of action that must be disclosed.  *See In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).  There the Fifth Circuit summarized this duty of disclosure:

> It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*. . . .  "The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action."  *Youngblood Group v. Lufkin Fed. Savings & Loan Ass'n*, 932 F. Supp. 859, 867 (E.D. Tex. 1996).  "'The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a "known" cause of action such that it must be disclosed.'"  *Id.* (brackets omitted; quoting *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995)).  "*Any claim with potential must be disclosed,* even if it is 'contingent, dependent, or conditional.'"

> *Id.* (quoting *Westland Oil Dev. Corp. v. MCorp Management Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993)) (emphasis added).
>
> Viewed against the backdrop of the bankruptcy system and the ends it seeks to achieve, the importance of this disclosure duty cannot be overemphasized.

179 F.3d at 208; *see also Burnes*, 291 F.3d at 1287-88 (applying judicial estoppel to bar a plaintiff's employment discrimination claims because of his failure to disclose those claims in his concurrent bankruptcy proceedings); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) (imposing judicial estoppel where debtor had sufficient factual basis to know that a potential cause of action existed during pendency of bankruptcy, but failed to amend schedules or disclosure statements to identify cause of action as contingent asset); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that *all* facts were not known to [debtor] at that time [of the bankruptcy], but enough was known to require notification of the existence of the asset to the bankruptcy court.").

In light of this disclosure requirement, plaintiff's only plausible excuse for nondisclosure would be that she had no reasonable basis to believe that she had any potential claim arising out of her fall, but this possibility is negated by her consultations with Chestnut Sanders. While those consultations may not have been particularly extensive, they were certainly significant enough to establish plaintiff's awareness of a potential claim, which the law requires her to include on her schedule of assets in her bankruptcy filing. *Coastal Plains,*

*Inc.*, 179 F.3d at 208.  Furthermore, plaintiff undeniably knew all of the facts relating to her bathtub injury at the time she filed for bankruptcy.

The Eleventh Circuit has held that judicial estoppel bars a plaintiff from asserting claims previously undisclosed to a bankruptcy court when the plaintiff:  1) knew about the undisclosed claims; and 2) had a motive to conceal them from the bankruptcy court. *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003); *see also Burnes*, 291 F.3d at 1285.  In establishing these two elements for judicial estoppel, the Eleventh Circuit concluded that both elements are consistent with the United States Supreme Court's factors set forth in *New Hampshire v. Maine*, 532 U.S. 742 (2001).  291 F.3d at 1285.

In essence, plaintiff argues that despite a broken ankle which required surgery, contacting and meeting an attorney, sending documents to her attorney and still later executing releases so her attorney could acquire additional medical records, she had insufficient knowledge of a possible claim against defendant when she filed for bankruptcy. The court finds this argument unpersuasive.  It is clear that plaintiff had adequate knowledge of the potential claim to meet the requisite first element of judicial estoppel.  Therefore, the first prong set forth in *Burnes* and *Comcar* has been met.

The second element of judicial estoppel requires evidence of a motive to conceal the claim.  "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Burnes*, 291 F.3d at 1286 (citing cases). The Eleventh Circuit in *Burnes* joined those other circuits that, "in considering the particular issue of judicial estoppel and the omission of assets in a bankruptcy case, have concluded

that deliberate or intentional manipulation can be inferred from the record." *Id.* at 1287. The court cited with approval the conclusion of the Fifth Circuit in *Coastal Plains* that "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* (quoting *Coastal Plains*, 179 F.3d at 210). Plaintiff contends that she "most certainly did not intend to be deceptive, or deliberately try to mislead the court." (Clay Aff. at 2.) However, plaintiff knew of her claim before and during her bankruptcy petition, and the potential for financial gain from bringing an action after the termination of her bankruptcy proceedings is clear.  It is unlikely that plaintiff would have received the "no asset" discharge had her creditors, the Trustee, or the bankruptcy court known of this potential cause of action where the plaintiff now claims damages in excess of $75,000.[1] *See Burnes*, 291 F.3d at 1288.  By failing to disclose this potential asset in her Chapter 7 case, plaintiff prevented the bankruptcy court, the Trustee, and plaintiff's creditors from gaining an accurate picture of her financial state of affairs. It was particularly important for these individuals to know of plaintiff's potential claim so that an appropriate decision could be made as to whether to file claims and whether to grant a no asset complete discharge.

---

[1]    In *Chandler v. Samford University*, 35 F. Supp. 2d 861 (N.D. Ala. 1999), this court, in entering summary judgment in favor of defendant Samford University regarding its judicial estoppel argument, noted that the perception given by the plaintiff in her bankruptcy proceeding that she had no assets may have contributed to the choice made by the parties in interest not to raise objections to the proposed administration of her bankruptcy estate. *Id.* at 865.  In *Comcar*, the Eleventh Circuit held that since De Leon knew about his claim and possessed a motive to conceal it because his amount of repayment would have been less, it can be inferred that there was an intent "to make a mockery of the judicial system." 321 F.3d at 1291.

Plaintiff's motive can be inferred from the facts of record: 1) she knew of a potential claim and 2) it is unlikely that she could have received a discharge had her creditors, the Trustee, or the bankruptcy court been aware of plaintiff's potential claim for damages. Therefore, the second and last prong set forth in *Burnes* and *Comcar* has been met and this matter is due to be dismissed.[2]

### IV.  CONCLUSION

For the reasons stated herein, the court is of the opinion that defendant's Motion for Summary Judgment is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 14th day of January, 2005 .

Sharon Lovelace Blackburn

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[2]        Defendant's Motion to Dismiss moved in the alternative to compel arbitration. If defendant was not entitled to judgment as a matter of law based on plaintiff's failure to list her claim in her bankruptcy petition, defendant's Motion to Compel Arbitration would be granted. The transaction at issue involved interstate commerce; plaintiff executed a valid arbitration agreement; and her claim in this lawsuit falls within the terms of that agreement.